UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) v. ) ) CHARLES FRENCH RICHARDS, ) ) Defendant. ) | Case No. 3:05-00037 Judge Echols |

### MEMORANDUM

Pending before the Court are several motions in this case which is scheduled for jury trial commencing April 11, 2006. Defendant has filed three Motions in Limine (Docket Entry Nos. 62, 63 &, 64) to which the Government has responded in opposition (Docket Entry Nos. 68, 69 & 70). Defendant has also filed a Motion for Identification of Images (Docket Entry No. 65), to which the Government has responded (Docket Entry No. 71). Finally, the Government has filed a motion to continue the trial date (Docket Entry No. 72).

### I. DEFENDANT'S MOTIONS

As indicated, Defendant has filed three Motions in Limine along with a Motion for Identification of Images. Because the latter motion affects one of the motions in limine, it will be considered first.

### A. Motion for Identification of Images

Defendant seeks to have the Government identify which of the hundreds of images it seized from the Defendant's storage unit and computer the Government intends to use at trial. Defendant requests this identification in order for his expert to opine on such issues as whether the images do in fact portray images of

1

actual minors, whether the images traveled in interstate or foreign commerce, and whether the images were altered. In response, the Government has indicated that it will provide a list ten days before trial of images it intends to introduce in its case-in-chief, reserving the right to introduce other images should events at trial dictate.

Rule 16 of the Federal Rules of Criminal Procedure provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, . . . the government intends to use . . . in its case-in-chief at trial[.]" Fed.R. Crim. P. 16(a)(1)(E)(ii). The Rule does not set forth a specific time limit for this process. However, Rule 16(d)(1) allows the Court to grant "appropriate relief" regarding discovery matters in criminal cases, and courts have held that early disclosure of anticipated exhibits (particularly in document intensive cases) is within a trial court's discretion. <u>United States v. Anderson</u>, 2006 WL 456727 at *4 (D.D.C. 2006). Moreover, the Advisory Committee Notes to Rule 16 reflect that "[t]he rule is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. P. 16 advisory committee note (1974).

It would appear to be in both the Government's and Defendant's interest to have the Government identify at this time which images it intends to introduce during its case-in-chief so that

2

Defendant's expert and the Government's expert can address the question of whether the images meet the statutory requirement for child pornography. Such an exchange can also be helpful in discussing a possible plea, if that is desired. Accordingly, this motion will be granted.

Even though the Government will be required to identify the images it intends to introduce during its case-in-chief, the Government will not be prevented from using images not previously identified for limited purposes such as impeachment or rebuttal, or as otherwise warranted by the progress of trial, so long as the use of those unidentified images was not anticipated in advance of trial.

**B. Defendant's Motions in Limine**

    **1. Motion in Limine No. 1 - Statute of Limitations**

Defendant seeks to exclude the images which were found during the search of storage unit 234 at Hilldale Storage in Clarksville, Tennessee. Though not fleshed-out in the current papers, during the course of the hearing on Defendant's motion to suppress, the evidence regarding that storage unit established the following relevant facts.

Beginning in June 1991, Defendant leased unit 234 and secured the same with his own lock. Over the years, Defendant signed two leases for unit 234, both of which allowed Hilldale Storage the right to enter the unit in case of emergency.

On February 21, 2000, after a routine check by a Hilldale employee revealed that the lock on unit 234 had been cut off and that the unit appeared to contain child pornography, a Hilldale

3

Storage lock was placed on the unit. The Indictment in this case was returned on February 23, 2005.

Defendant contends that since Hilldale Storage placed its lock on unit 234 on February 21, 2000, and the Indictment in this case was not returned until over five years later, he could not have possessed the items in the unit within the statute of limitations period.[1] This Court disagrees.

Courts have recognized that possession of child pornography is a continuing offense. United States v. Santana-Castellano, 74 F.3d 593, 597 (5th Cir. 1996); United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995). Courts have also recognized that a person can constructively possess child pornography. United States v. Long, 328 F.3d 665, 669 (D.C. Cir. 2003); United States v. Layne, 43 F.3d 127, 131 (5th Cir. 1995). "The defendant may be found to have constructive possession where, although he does not have actual possession, he has the power and intention at a given time to exercise control over the [item]." United States v. Lowe, 2006 WL 473598 (6th Cir. 2006). "Constructive possession may be proved by direct or circumstantial evidence" and proof that a person has dominion over a place can be sufficient to establish constructive possession." United States v. Coffee, 434 F.3d 887, 895-96 (6th Cir. 2006).

---

[1] Actually, the Motion is slightly broader in that Defendant suggests the Government co-mingled the computer disks found during a subsequent search of his apartment with those found during the search of the storage unit. However, because this Court finds Defendant's statute of limitations argument meritless, this potential problem is not presently an issue, although any co-mingling of evidence conceivably may be the subject of objection or cross-examination as it relates to the chain of custody.

4

In this case, there can be little doubt but that Defendant had constructive possession over the items in his rented storage unit while his lock was on the door. He contends, however, that he lost his right to exercise dominion over the property in the unit when his lock was replaced with a Hilldale Storage lock.

The facts presented to the Court belie Defendant's assertion that he did not intend to exercise dominion and control over the unit at the time the Hilldale Storage lock was placed on the door. In the first place, he has hoisted himself on his own petard because in his memoranda supporting his motion to suppress, he noted that as a lessee he had an expectation of privacy in the storage unit and that at the time of the search, which occurred after Hilldale Storage placed its lock on unit 234, "the contents of the storage unit were not under the legal control of the storage unit's management." (Docket Entry No. 19 at 6 n.20; 42 at 9). If he had no possessory interest in the items in the storage unit he made much ado about the officers not having a proper search warrant.

Moreover, at the time the Hilldale Storage lock was placed on unit 234, Defendant had already paid rent on the unit for several more months and there is no evidence that Defendant was even aware that Hilldale Storage had placed its own lock on the unit. Defendant never relinquished control over the unit prior to the search, never surrendered his lease or asked that it be terminated, and never notified Hilldale Storage that he was abandoning the unit. For all Defendant knew things were as they always had been and he could therefore have no less intent to exercise control over

5

the items in the unit after his lock was replaced than he had before then. Therefore, his Motion in Limine seeking to exclude from evidence the items found in unit 234 will be denied.

### 2. **Motion in Limine No. 2 - Requirements for Admissible Images**

Though styled as a motion in limine, this motion is really nothing more than a recitation of what the Government must show in order to establish that a given image contained child pornography as defined by the statutes. That is, Defendant contends the Government must establish (1) the person depicted in an image must be a real person; (2) Defendant must have knowledge that the images were of child pornography; (3) the images must contain depictions of sexually explicit conduct; (4) the images must be of minors; and (5) the images must have moved through interstate or foreign commerce. (Docket Entry No. 69 at 2-4). Defendant has also indicated in this motion that he intends to utilize an expert witness to challenge the Government's contention that certain images fall within the child pornography statutes.

The Government "acknowledges that it must prove that defendant Richards possessed at least one image of a real, rather than virtual, minor who was engaged in sexually explicit conduct; that he knew that at least one image contained a picture of a real minor engaged in sexually explicit conduct; and that at least one image of a real minor engaged in sexually explicit conduct moved in interstate or foreign commerce." (Docket Entry No. 69 at 1). The Government goes on to argue, however, that taken to its logical extreme, Defendant's motion, if granted, would preclude the Government from introducing evidence of any images other than those

6

of children explicitly engaged in sexual activity or pictures involving the genitalia of children. (Id. at 3). This Court agrees that this would be an improper limitation on the Government's ability to prove its case.

During the suppression hearing, the Court heard testimony concerning the Paraguay series of images. This series included images of minors in various states of dress and undress and at least one close-up image of the genitals of what appeared to be a minor girl. Such an image could constitute the "lascivious exhibition of the genitals or pubic area of any person" as defined in 18 U.S.C. § 2256(2)(A)(v). If the Government is required to limit its proof as Defendant suggests, the Government would be unable to place some of these images in context.

Additionally, during the evidentiary hearing on the motion to suppress, the Court heard testimony about a Windows washer installed on Defendant's computer and about images of nude minor girls on his computer which contained website addresses. Such evidence, though not necessarily child pornography, could be precluded under a logical reading of the present motion in limine, even though that evidence (and perhaps other evidence) could be used to show the interstate commerce connection, or Defendant's knowledge, intent, and absence of mistake or accident.

Ultimately, it will be for the jury to decide whether Defendant knowingly possessed child pornography. The Court will not hamstring the Government's case by limiting it to presenting only images which show real minors engaged in sexually explicit conduct.

7

While the jury will make the determination of whether Defendant possessed unlawful images, as Defendant points out the jury may be aided by testimony of expert witnesses. See, United States v. Irving, 432 F.3d 401, 412 (2d Cir. 2001)(discussing use of experts in child pornography cases but noting that in some cases "the video images are such that confusing them with images of virtual children is highly unlikely"). Defendant has indicated that he intends to call an expert but that the expert cannot offer his opinion until he knows which images the Government will rely on to present its case. The Government has indicated that it will call its own expert to rebut the testimony of Defendant's expert.

Because the parties anticipate utilizing experts, the Government will be required (as already noted) to disclose to Defendant the images it intends to utilize in its case-in-chief. Defendant's expert will then be given an opportunity to formulate an expert report for the Government's review. After the Government's expert has issued a report, the Court will hold an evidentiary hearing to address any admissibility issues which may have arisen as a result of the experts' opinions.

Accordingly, Defendant's Motion in Limine Number 2 - Requirements for Admissibility of Images will be denied as it is presently formulated. However, the Court will set forth deadlines relating to the exchange of expert reports and a hearing date for addressing any outstanding pretrial matters.

### 3. **Motion in Limine No. 3 - Use of Duplicate Computer Images**

Although titled as relating to duplicate images, this Motion in Limine actually relates to altered images. Defendant asserts

that he intends to provide expert testimony that computer images can be easily altered by, for example, enlarging only a portion of an image so that it appears to focus on a prurient interest. (Docket Entry No. 64 at 2).

While it may be true that computer images can be easily altered, the Court will not, in blanket fashion, prohibit introduction of images which may have been altered. After all, even images which are altered can constitute child pornography. <u>See</u>, <u>United States v. Grimes</u>, 244 F.3d 375, 379-80 (5th Cir. 2001)(post-production computer alterations do not necessarily take images out of ambit of child pornography statute and even the presence of pixel boxes over the genitalia of children does not necessarily mean that the images do not meet the statute's definitional requirements).

Accordingly, the Court will deny this motion insofar as it seeks to prohibit the introduction of any images which may have been altered after they were created but before they were seized by the police on March 2, 2000. Insofar as Defendant may be seeking to require that the government prove that no alterations were made to images after their seizure, the Government has indicated that it will offer such proof at trial and, accordingly, the motion will be granted in this respect.

## II. <u>CONCLUSION</u>

On the basis of the foregoing, Defendant's Motion for Identification of Images (Docket Entry No. 65) will be granted. Defendants' Motion in Limine No. 1 – Exclusion of Images Barred by the Statute of Limitations will be denied. Defendant's Motion in

9

Limine No. 2 - Requirements for Admissible Images will be denied. Defendant's Motion in Limine No. 3 - Use of Duplicate Computer Images will be granted insofar the Government must establish that the images seized from the Defendant were not altered after their seizure by the police. Otherwise, the Motion will be denied. The Government's Motion to Continue the Trial Date will be granted.

Appropriate Orders evidencing the foregoing and setting forth deadlines, a hearing date, a plea date, and trial date will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE