```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-00037 |
| ) | Judge Echols |
| CHARLES FRENCH RICHARDS ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant's "Motion to Dismiss Indictment." (Docket Entry No. 82). The Government has responded in opposition. (Docket Entry No. 87).

### I. FACTUAL BACKGROUND

Defendant rented storage unit 234 at Hilldale Storage in Clarksville, Tennessee. On March 2, 2000, that unit was searched by police and found to contain numerous computer disks, nude prints and envelopes from foreign countries containing pictures of nude children, all of which suggested that Defendant was in possession of child pornography. The following day, police executed a search warrant at Defendant's apartment and found pictures and floppy disks containing many images of child pornography. The police seized the items containing child pornography, as well as Defendant's computers.

As a result of the searches, a grand jury returned a two-count Indictment on February 23, 2005, charging Defendant with the knowing possession of child pornography. Specifically, Count One reads as follows:

1

> In or about March 2000, in the Middle District of Tennessee, and elsewhere, the defendant, **CHARLES FRENCH RICHARDS**, knowingly possessed and attempted to possess a computer, floppy disks, and photographs that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which child pornography had been transported in interstate and foreign commerce.
> In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2).

(Docket Entry No. 1). Count Two is a forfeiture count and seeks the forfeiture of any and all child pornography confiscated by the police, along with two of Defendant's computers and 165 floppy diskettes.

Since the return of the Indictment, Defendant has filed numerous motions, including a Motion to Suppress the fruits of the two searches (Docket Entry No. 18), a Motion to Dismiss on the grounds that there did not exist a sufficient nexus to interstate or foreign commerce (Docket Entry No. 16), a Motion to Reconsider this Court's denial of the Motion to Suppress (Docket Entry No. 58), three Motions in Limine (Docket Entry Nos. 61, 62 & 63), and a Motion for Identification of Images Intended for Use by the Government (Docket Entry No. 65). In his present Motion to Dismiss, Defendant asserts the Indictment does not meet the requirement of the Fifth and Sixth Amendments and is duplicitous.

## II. LEGAL ANALYSIS

"The Notice Clause of the Sixth Amendment requires that a criminal defendant has the right 'to be informed of the nature and cause of the accusation' against him" while "the Indictment Clause of the Fifth Amendment requires that a defendant be charged with

2

only those charges brought before the grand jury." <u>United States v. Landham</u>, 251 F.3d 1072, 1079 n.3 (6th Cir. 2001). Here, Defendant claims Count One is deficient with respect to both of those clauses primarily because the Indictment does not specify where or when the defendant possessed the child pornography at issue in this case and instead uses unspecified language such as "on or about" and "in the Middle District of Tennessee" and elsewhere.

In this regard, Defendant argues the vagueness of the Indictment deprives him of the notice requirements of the Sixth Amendment. Defendant also claims the failure to specifically allege the location of the pornography violates his Fifth Amendment rights because one cannot discern from the Indictment on what basis the grand jury indicted him. Moreover, Defendant asserts the general allegations of the Indictment violates his Fifth Amendment rights because he could be subjected to double jeopardy depending upon where he is alleged to have possessed the child pornography. (Docket Entry No. 82 at 3-6).

The Sixth Circuit has reviewed the case law regarding the standards governing the sufficiency of an Indictment as follows:

> In general, an indictment is constitutionally adequate if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>Hamling v. United States</u>, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); <u>United States v. Maney</u>, 226 F.3d 660, 663 (6th Cir. 2000); <u>United States v. Monus</u>, 128 F.3d 376, 388 (6th Cir. 1997). However, it is axiomatic that, "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved,

3

>would establish prima facie the defendant's commission of that crime." United States v. Superior Growers Supply, Inc., 982 F.2d 173, 177 (6th Cir. 1992) (citing Fleisher v. United States, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208 (1937)) (per curiam); *cf.* Hamling, 418 U.S. at 117, 94 S.Ct. 2887 (stating that an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words . . . fully, directly, and expressly . . . set forth all the elements necessary to constitute the offense intended to be punished." (citations omitted)). An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense. Hamling, 418 U.S. at 117, 94 S.Ct. 2887; Monus, 128 F.3d at 388. At the same time, the Supreme Court has cautioned: "Undoubtedly the language of the statute may be used in the general description of [the] offense, *but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense,* coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-18, 94 S.Ct. 2887 . . . (emphasis added).

Landham, 251 F.3d at 1079-1080 (footnotes omitted). Under these standards, the Indictment is sufficient.

Count One of the Indictment provides Defendant with sufficient notice of the charges against him by alleging that "[i]n or about March 2000, in the Middle District of Tennessee, and elsewhere," Defendant "knowingly possessed and attempted to possess" items containing child pornography "which child pornography had been transported in interstate and foreign commerce." This tracks the statutory language which makes it a crime to "knowingly possess[] any . . . material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer" or to possess any such material "that was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce

4

by any means, including by computer." 18 U.S.C. § 2251A(a)(5)(B).[1] This statutory language clearly indicates that to be convicted of the crime charged, the government must prove the knowing possession of child pornography that has traveled in interstate or foreign commerce or that has been produced using materials which have so traveled.

The fact that the Indictment alleges the crime occurred "on or about March 2000 in the Middle District of Tennessee, and elsewhere" does not make it constitutionally infirm. So long as the government can establish a date reasonably near that named in the Indictment, a conviction is proper. United States v. M/G Transport Services, Inc., 173 F.3d 584, 589 (6th Cir. 1999). The allegation that the crime was committed "in the Middle District of Tennessee and elsewhere" is an assertion that venue is proper in this Court. See, United States v. Grenoble, 413 F.3d 569, 572 (6th Cir. 2005)(discussing whether government established venue "in the Northern District of Ohio and elsewhere" as alleged in the indictment). In any event, "'Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000). Here, a common sense construction of Count One, as the language itself makes clear, is that Defendant is alleged to have possessed child pornography in this district sometime in or near March of 2000.

---

[1] Count One also charges Defendant with having violated 18 U.S.C. § 2252A(b)(2). That statute, however, merely sets forth the penalty for possessing child pornography.

5

The real focus of Defendant's Motion appears to be that if he is alleged to have possessed child pornography at both his apartment and his storage unit, the grand jury should have returned separate counts alleging possession in each place. As it stands, Defendant asserts, there is no way to determine on which location the grand jury based its allegation and as such he runs the risk of being retried should the jury find that he possessed the items at one location, but not the other.

Defendant's potential double jeopardy argument must be rejected. Any future prosecution for possession of child pornography some six years ago is most likely barred by the statute of limitations (see, 18 U.S.C. § 3282(a) generally providing for a five year statute of limitations for non-capital offenses) and the Government has made it abundantly clear through discovery and its filings that the allegations relate to possession at both places. Regardless, the Indictment itself will serve as a bar to subsequent prosecution for the same offense, to wit: the knowing possession of child pornography in the Middle District of Tennessee in or about March 2000.

No doubt had the government sought, and the grand jury returned, an Indictment which alleged in separate counts that Defendant possessed child pornography at his apartment and in his storage unit, Defendant would challenge the Indictment as being multiplicitous. Such an argument would probably have merit since "[a] single offense should normally be charged in one count rather than several, even if different means of committing the offenses

6

are alleged." Sanabria v. United States, 437 U.S. 64, 66 n.20 (1978). That is the situation here: Defendant is alleged to have possessed child pornography in or about March of 2000, with the means of possession being the storage of the contraband at two different locations. Where a statute is alleged to have been violated on a given date by possession of the same types of contraband at different locations, it is proper to charge a single offense instead of multiple offenses. See, United States v. Stephens, 118 F.3d 479, 481-82 (6th Cir. 1997)(it was error to charge defendant in separate counts for possession of cocaine on same day merely because the cocaine was in two separate stashes); United States v. Kimbrough, 69 F.3d 723, 729-730 (5th Cir. 1995)(it was error to charge defendant in two separate counts for possession of child pornography simultaneously even though government asserted that one count charged defendant with possession of child pornography which had been transported in interstate commerce, while the other count charged possession of different items which had been produced utilizing materials that had been transported in interstate commerce).

Apart from asserting the Indictment is insufficient under the Fifth and Sixth Amendments, Defendant claims the Indictment is duplicitous.[2] Again, his argument is grounded on his assertion that the alleged possession of child pornography in his apartment and at his storage unit should not have been brought in one count.

---

[2]Actually, a duplicitous indictment can "implicate the protections of the Sixth Amendment guarantee of jury unanimity." United States v. Bullock, 130 Fed. Appx. 706, 721 (6th Cir. 2005).

7

"An indictment is duplicitous if it 'joins in a single count two or more distinct and separate offenses.'" United States v. Campbell, 279 F.3d 392, 398 (6th Cir. 2002)(citation omitted). "The vice of duplicity is that a 'jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense.'" Id. That is, "[b]y collapsing separate offenses into a single count, duplicitous indictments 'prevent the jury from convicting on one offense and acquitting on another.'" Id.

In this case, there is no risk that Defendant will be convicted on one offense and acquitted on another because there is only one offense charged, possession of child pornography in or about March 2000. The possession of child pornography is a continuing offense, United States v. Santana-Castellano, 74 F.3d 593, 597 (5th Cir. 1996); United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995), and the Indictment charges defendant with a single, continuous possession of child pornography in or about March 2000. The fact that Defendant allegedly stored his child pornography in two separate locations at that time does not make the Indictment duplicitous. See, United States v. Damhrah, 412 F.3d 618, 622 (6th Cir. 2005)("It is not duplicitous to allege in one count that multiple means have been used to commit a single offense.").

Even if the Indictment were duplicitous, however, it would not be subject to dismissal on that basis alone. A duplicitous charge "is not prejudicial *per se*, because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that

8

would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." United States v. Savoires, 430 F.3d 376, 380 (6th Cir. 2005).

Count One of the Indictment in this case charges the Defendant with the single crime of knowingly possessing child pornography at a given time and place which had been transported in interstate commerce. It sufficiently apprizes the Defendant of the nature of the charges so that he can adequately prepare a defense and plead double jeopardy should the need arise. As such, his Motion to Dismiss is without merit.

### III. CONCLUSION

On the basis of the foregoing, Defendant's "Motion to Dismiss Indictment" (Docket Entry No. 82) will be denied and an appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

9

Case 3:05-cr-00037   Document 92   Filed 06/12/06   Page 9 of 9 PageID #: 500